William R. Brennan, Jr., J.
These actions arise out of a contract for the purchase and sale of premises known as 27 Carrie Avenue, Bethpage. The vendors, husband and wife, seek a declaratory judgment that the vendee breached his contract and forfeited his rights to the return of his deposit. The vendee, by separate suit, seeks specific performance of the contract and his complaint was amended at trial by adding an alternative prayer for money damages.
The complaint in the vendors’ action is dismissed. The existence of an adequate remedy at law is sufficient to bar successful prosecution of that litigation. Moreover, the disposition of the vendee’s action serves to determine the issues implicit in the action for the declaratory judgment.
The following facts were established at the trial of the actions, which were heretofore consolidated. The vendors (defendants in the action for specific performance) and the vendee (plaintiff therein) entered into a contract on September 21, 1959 for the sale and purchase of the Carrie Avenue premises. The price was fixed at $13,000 and the cash deposit was $500. The contract stated that the “ purchaser is * * * purchasing premises for the purpose of speculation” and that the “house may be shown during- normal daylight hours ”, it being intended that pending closing the vendee, a real estate broker, could have free access to the premises for anticipated resale by him. Closing was set for January 2,1960.
The vendors were financially embarrassed. This may account for their readiness to convey for $13,000 premises the reasonable value of which, according to the plaintiff vendee, was $16,200. In any event, within a month after the contract was signed they were in such precarious position with reference to existing *869 mortgages on their home that foreclosures were imminent and they approached the plaintiff for a further cash deposit in order to make funds available to stave off the mortgagees.
The plaintiff agreed to advance another $500 upon delivery of vacant possession and upon condition that the contract price be reduced to $12,750. The contract was amended accordingly and the closing was set for “ 3 weeks after premises are vacated ”, a phrase inserted in the amendment by the vendee.
The documentary evidence is corroborative of the testimony of the vendors and establishes that they moved from the premises on October 27, 1959 in the forenoon, and that the removal to their new quarters was completed by 1:45 in the afternoon of that day. It is further found that the vendee was so advised on the same day and that the next morning he gave to the vendor husband a check for $500.
On October 29, 1959 the attorneys for the vendors confirmed by letter to the vendee that closing would take place as of November 17,1959, which “ is three weeks from the date vacant possession of the premises was delivered to you.” This was followed by their letter of November 10, 1959 from which it appears that the vendee had complained to them about the premises not being broom clean, and that they had commitments with the mortgagees which made it necessary to close on November 17. The letter contained an offer to close earlier. The vendee’s response to these communications was a letter dated November 13, 1959 in which he stated that the vendors were still in the premises on November 2 (which the court finds not to be the fact, the premises having been vacated on Oct. 27), and affirming that “ I [vendee] will do my best to close on the 17th of this month. Mrs. Waxenberg will be handling this transaction and has authority to close, if possible.”
The court finds that the vendee knew of the financial pressures on the vendors and that closing at the time he had fixed in the amendment of the contract was essential to the vendors. He took advantage of that necessity to exact a price reduction. He took and had effective possession of the premises at the time stated and exercised his rights of possession (as distinct from his rights of inspection) and even had repairs made at the premises. Moreover, his complaints, prior to the time set for closing, were not as to his possession but rather to the fact that the premises were not broom clean. It is further noted that he gave to his employee authority to close on November 17, 1959, the date fixed for closing, an authority required by the fact that he expected to be out of town on the closing date on a hunting trip. He made no requests for a further adjournment.
*870 On November 17 the vendors were ready, able and willing to proceed with closing and were available from 10:00 a.m. to 6:00 p.m. at the offices of their attorneys. Calls to the vendee’s office were unavailing to produce the attendance of either the vendee or Mrs. Waxenberg. Although the vendee now maintains that the deed available at the time and place of closing did not bear revenue stamps, there is no question that the delivery of the deed was made impossible by his failure to appear for closing. It was not the absence of revenue stamps on the deed that caused his nonappearance; rather, as candidly admitted by him, he lacked the cash to close the deal on November 17 and was not financially able to close until eight days later when he received the cash proceeds of another transaction.
On November 25 the vendee sent a registered letter fixing November 26 as a closing date and the said letter was not received by the addressees thereof, the attorneys for the vendors, until November 27.
In the meantime, the vendors had sold the premises to another purchaser, pursuant to a closing which took place on November 23. The price which they obtained on this closing was $13,000, the same price as that fixed in the original contract between the parties to this litigation.
Although the complaint herein seeks specific performance, that remedy would not be available to the vendee, whose Us pendens was not filed until November 27, 1959, four days after the premises were conveyed by the vendors. The purchaser from the vendors was not made a party to the instant litigation, and even if it had been, there is no evidence that the purchase was made otherwise than in good faith. Furthermore, it is hereby found and determined that the plaintiff was in default on the date fixed for closing; that neither he nor his authorized agent attended the closing nor attempted to obtain any further adjournment thereof prior to or on the closing date; and that in view of all the circumstances, which were known to the vendee, time of closing was of the essence. The plaintiff vendee has, therefore, failed to prove his cause of action for specific performance or damages in lieu thereof and his complaint as amended at the trial is accordingly dismissed. No costs are awarded to either party.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act, and all motions upon which decision was reserved at the trial are hereby resolved accordingly.
A judgment disposing of the consolidated actions in accordance with this decision shall be settled on notice.